UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OTIS ALLEN                                    CIVIL ACTION

VERSUS                                        NO: 14-877

KARL BARTHOLOMEW ET AL.                       SECTION: "J"(2)

## ORDER & REASONS

Before the Court is a *Memorandum in Opposition to Federal Court's Continuing Jurisdiction* **(Rec. Doc. 52)** filed by Defendant, R & S Towing, Inc. of Chalmette, and a *Memorandum in Support of Federal Court's Continued Supplemental Jurisdiction* **(Rec. Doc. 53)** filed by Plaintiff, Otis Allen. The parties' memoranda address the issue of whether the Court should continue to exercise supplemental jurisdiction over Plaintiff's state-law claims, which are now the only remaining claims in this case. Having considered the memoranda, the record, and the applicable law, the Court finds that all remaining claims in this action should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff initially brought this action on April 15, 2014, seeking relief under 42 U.S.C. § 1983 against James Pohlmann, Sheriff of the St. Bernard Parish Sheriff's Office, and Karl Bartholomew, individually and in their official capacities. (Rec. Doc. 1.) Plaintiff also seeks relief under state law against R & S Towing, Inc. of Chalmette ("R & S Towing"). Following a May 2015

pre-trial conference, the Court continued the trial dates noting that R & S Towing had only recently made an appearance in the case. (Rec. Doc. 35.) Soon after, the Court granted Plaintiff's motion to voluntarily dismiss Defendants Karl Bartholomew and James Pohlmann in light of a settlement between Plaintiff and those Defendants. (Rec. Doc. 40.)

In early October 2015, Plaintiff moved for leave to file an amended complaint.[1] (Rec. Doc. 47.) Plaintiff's proposed amendment named both state actors and R & S Towing as Defendants. (Rec. Doc. 47-2.) On October 26, 2015, the magistrate judge granted in part and denied in part Plaintiff's motion for leave to file an amended complaint. (Rec. Doc. 50.) Plaintiff was granted leave to file an amendment, but only as to R & S Towing, because all claims against the named state actors had been settled. *Id.* In pertinent part, Plaintiff alleges that R & S Towing towed Plaintiff's vehicle on April 14, 2013. *(*Rec. Doc. 47-4 at 2.) At some point thereafter and while Plaintiff was incarcerated, Plaintiff's family attempted to pay R & S Towing the fees necessary to recover the vehicle; however, R & S Towing rejected the family members' offer and instead sold Plaintiff's vehicle without providing proper notice under the Louisiana Towing and Storage Act, La. Rev. Stat. § 32:1711 *et seq. See id.* at 4.

---

[1] Plaintiff attempted to amend his complaint as early as July 2015, but failed to present a procedurally adequate motion to amend until October 2015. (*See* Rec. Docs. 41, 42, & 45.)

On November 24, 2015, with no remaining federal claims and noting that district courts may decline to exercise supplemental jurisdiction after all federal claims have been dismissed or settled, the Court ordered the parties to brief the issue of whether the Court should continue to exercise its supplemental jurisdiction. (Rec. Doc. 51.)

On December 9, 2015, R & S Towing filed its memorandum in opposition to the exercise of supplemental jurisdiction over the remaining state law claims in this case. (Rec. Doc. 52.) Plaintiff filed his memorandum in support of continued supplemental jurisdiction on December 11, 2015. (Rec. Doc. 53.) On January 5, 2016, the case was reassigned to this section of the Court. (Rec. Doc. 54).

## PARTIES' ARGUMENTS

Plaintiff concedes that only state law claims remain and does not argue that the Court has any type of subject matter jurisdiction over his remaining claims other than supplemental jurisdiction. (Rec. Doc. 53, at 4.) Plaintiff notes that R & S Towing has not participated in discovery, any negotiations, and "did not even participate in conference calls through this court and other counsels in this matter." *Id.* Plaintiff's brief concludes with an unsupported assertion that "Plaintiff would be prejudice [sic] by State law prescription to address his state claim in this matter." *Id.* at 5.

The essence of R & S Towing's argument is that the Court should allow a state court to decide the matter because the Court has not yet become familiar with the facts of the case or reached the merits of any argument in the case. (Rec. Doc. 52, at 5.).

## LEGAL STANDARD AND DISCUSSION

In determining whether to relinquish jurisdiction over pendent state law claims, district courts look to the statutory factors set forth by 28 U.S.C. § 1367(c) and to the common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampass Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors). The statutory factors are: "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* at 159 (citing 28 U.S.C. § 1367(c)). The "general rule" is to decline to exercise jurisdiction when all federal claims are dismissed or otherwise eliminated from a case prior to trial; however, this rule is neither mandatory nor absolute. *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

In its current posture, it is clear that this case currently falls within § 1367(c)(3), as the Court has dismissed all of

Plaintiff's claims that initially gave the Court original jurisdiction. Furthermore, the Court notes that there appears to be a dearth of state court case law regarding Plaintiffs' claim. *Cf. Johnson v. Hardy*, 756 So. 2d 328, 333-34 (La. App. 1 Cir. 1999); *see also Wilson v. T & T Auto Repair & Towing, LLC*, No. 50,095-CA, 2015 WL 5715454, at *2-4 (La. App. 2 Cir. 2015).

Before following the general rule that would support declining to exercise supplemental jurisdiction on Plaintiff's remaining claims, the Court turns to the common law factors of judicial economy, convenience, fairness, and comity. Judicial economy weighs in favor of declining to exercise supplemental jurisdiction, as the Plaintiff concedes that he and R & S Towing have not engaged in discovery, nor has the Court ruled on any motions regarding the merits of Plaintiff's claim against R & S Towing. The same goes for convenience, given that both Plaintiff and R & S Towing are apparently located in the same city and parish. (Rec. Doc. 47-4 at 2-3.) As to comity and again because of the apparent lack of state court case law on the issue, there is at least some reason for the Court to decline to exercise supplemental jurisdiction in favor of having a state court settle the dispute.

Similarly, fairness does not weigh in favor of continued supplemental jurisdiction. Plaintiff has made the unsupported contention that he will be prejudiced by prescription in state

court should the Court decline to exercise supplemental jurisdiction at this point and dismiss the remaining state law claims. The Court is not persuaded that Plaintiff would necessarily be barred on prescription grounds from pursuing his remaining claims in state court, should the Court now dismiss his claims without prejudice for lack of subject matter jurisdiction.

A federal court exercising its supplemental jurisdiction over a state law claim must apply the choice-of-law rules of the forum state to determine which state's substantive law applies. *Janvey v. Brown*, 767 F.3d 430, 434 & n.10 (5th Cir. 2014). Louisiana has a specific choice-of-law rule for liberative prescription. Louisiana law of prescription should generally be applied to all civil suits brought in Louisiana. *See* La. Civ. Code art. 3549. Therefore, Louisiana law of prescription will apply to Plaintiff's claims regardless of whether the Court exercises supplemental jurisdiction.

In addition, Court's involuntary dismissal of Plaintiff's claims without prejudice will afford the Plaintiff an additional period within which to file his claims in state court. Under articles 3462 and 3463, prescription is interrupted when suit is filed in a court of proper jurisdiction and venue. La. Civ. Code art. 3462. This interruption of prescription continues as long as the suit is pending. *Id.* art. 3463. Here, the prescriptive period was interrupted because Plaintiff properly brought this action

6

before the Court and no party or the Court—until now—challenged venue or subject matter jurisdiction. *See Burns v. City of Kenner*, 824 So. 2d 512, 513 (La. App. 5 Cir. 2002). Should the case now be involuntarily dismissed without prejudice, "the whole prescriptive period begins to run anew from the date of that dismissal." *See id.* (citing *Batson v. Cherokee Beach & Campgrounds, Inc.*, 530 So. 2d 1128 (La. 1988)). In sum, if Plaintiff timely filed his suit against R & S Towing in this Court, then the prescriptive period was interrupted and will begin to run anew if the suit is involuntarily dismissed. The Court therefore concludes that it is appropriate to decline the exercise of supplemental jurisdiction over Plaintiff's remaining claims.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that all remaining claims in the above-captioned action be and hereby are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 26th day of January, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE